IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | C/A No.: 8:19-cv-03118-DCC |
| Plaintiff, | |
| vs. | |
| FlavorPros, LLC, d/b/a Richards and Daniels, LLC, Artisan Foods, LLC, and Charlene R. Brach, | |
| Defendants. | |

## UNITED STATES' COMPLAINT

The United States of America, for its complaint and by its attorneys, alleges as follows:

## INTRODUCTION

1. The United States brings this action on behalf of the Federal Bureau of Prisons ("BOP") to recover losses from false or fraudulent claims submitted by Defendants and for treble damages and penalties pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, and for relief under the common law theories of unjust enrichment and payment by mistake.

2. The FCA violations arise out of Defendants' claims for payment presented to the BOP for spices and other food products that were false and fraudulent as a result of its violations of the Federal Food, Drug, and Cosmetic Act ("FDCA"), and for knowing and willful violations of contractual requirements that were material to payment for those goods.

3. Defendants FlavorPros, LLC, and Artisan Foods, LLC by and through Defendant Charlene R., supplied food items, including various spices, primarily to the BOP beginning on October 1, 2011, and up until the present ("the relevant time"). During the relevant time, Defendants directed and participated in an ongoing scheme to adulterate spices sold to the BOP

with fillers and flow agents, knowingly and willfully altering or disguising the quality and quantity of the goods purchased by the BOP, in order to increase profit from each sale. Defendants' ongoing scheme to economically adulterate spices and to disguise the expiration date of food items sold to the BOP resulted in false claims submitted to and paid by the United States.

## JURISDICTION AND VENUE

4. This action arises under the FCA and under the common law. This Court has subject matter jurisdiction pursuant to 31 U.S.C. § 3732(a), and 28 U.S.C. §§ 1331, 1345, and 1355.

5. This Court has personal jurisdiction over Defendants because Defendants conducted business in the District of South Carolina and used false statements from within and to a federal agency located in the District of South Carolina, and because many of the prohibited acts committed by Defendants occurred within the District of South Carolina.

6. Venue is proper in this district under 28 U.S.C. § 1391(c) and 31 U.S.C. § 3732 (a) because Defendants did business in this district, and at least one of the acts proscribed by 31 U.S.C. § 3729 occurred in this district.

## PARTIES

7. Plaintiff United States brings this action on behalf of the BOP, which houses and feeds federal inmates throughout the country.

8. Defendant FlavorPros, LLC, is a Pennsylvania limited liability corporation with a principal place of business in Allentown, Pennsylvania. FlavorPros is primarily in the business of distributing food goods to the BOP. At times FlavorPros holds itself out as Richards and Danielson, LLC, although it is not apparent whether this entity is a registered business in any state.

9. Defendant Artisan Foods, LLC is a New Jersey limited liability corporation with a principal place of business in Bridgewater, New Jersey. Artisan Foods is in the business of distributing food goods to the BOP.

10. Defendant Charlene R. Brach is a resident of Warren, New Jersey and is the de facto owner and operator of Defendants FlavorPros and Artisan Foods. Her son, Richard Brach, is the President of FlavorPros and Artisan Foods.

## BACKGROUND

### I.     The False Claims Act

11. The FCA, also called "Lincoln's Law", was enacted in 1863 to combat fraud by profiteering suppliers to the Union army. The law was a response to the fraudulent sale of substandard, adulterated and nonconforming goods to the United States.

12. The FCA provides, in pertinent part, that any person who:

> (a)(1)(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> (a)(1)(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; [or]
>
> . . . .

is liable to the United States for three times the amount of damages which the Government sustains, plus a civil penalty per violation. For violations occurring between September 28, 1999, and November 1, 2015, the civil penalty amounts range from a minimum of $5,500 to a maximum of $11,000. See 28 C.F.R. § 85.3; 64 Fed. Reg. 47099, *47103 (1999). For violations occurring on or after November 2, 2015, the civil penalty amounts range from a minimum of $11,181 to a maximum of $22,363. 28 C.F.R. § 85.5.

3

13. The term "knowingly" under the False Claims Act means that a person, with respect to information, (i) has actual knowledge of the information, (ii) acts in deliberate ignorance of the truth or falsity of the information, or (iii) acts in reckless disregard of the truth or falsity of the information. 31 U.S.C. § 3729(b)(1). No proof of specific intent to defraud is required to show that a person acted knowingly under the False Claims Act. 31 U.S.C. § 3729(b)(1)(B).

14. The False Claims Act, 31 U.S.C. § 3729(a)(1), provides for recovery of three times the damages sustained by the United States ("treble damages") plus a civil penalty for each violation of the act.

## II.     Food, Drug, and Cosmetic Act

15. The United States Food and Drug Administration ("FDA") is the federal agency charged with the responsibility of protecting the health and safety of the public by enforcing the Federal Food, Drug, and Cosmetic Act, Title 21, United States Code, Sections 301-399f ("FDCA"). One of the purposes of the FDCA is to ensure that foods entering interstate commerce are safe to eat and bear labeling containing true and accurate information. The FDCA defines "food" as "articles used for food or drink for man or other animals" and "articles used for components of any such article." 21 U.S.C. § 321 (f)(1) and (3).

16. Food is adulterated under the FDCA if, among other things, "any valuable constituent has been in whole or in part omitted or abstracted therefrom;" if "any substance has been substituted wholly or in part therefore;" or if "any substance has been added thereto or mixed or packed therewith so as to increase its bulk or weight, or reduce its quality or strength, or make it appear better or of greater value than it is." 21 U.S.C. § 342(b)(1), (2), and (4).

17. Food is misbranded under the FDCA if, among other things, "its labeling is false or misleading in any particular." 21 U.S.C. § 343(a)(1).

4

18.     The FDCA defines interstate commerce as: "(1) commerce between any State or Territory and any place outside thereof, and (2) commerce within the District of Columbia or within any other territory not organized with a legislative body." 21 U.S.C. § 321(b).

### III.     Bureau of Prisons Food Procurement Procedures

19.     The BOP is responsible for the custody of inmates housed in federal institutions located around the country. The BOP has approximately 185,000 prisoners in custody at any given time. The BOP's food services mission is to provide healthy, nutritionally-sound, and appetizing meals that meet the needs of the general population and those at nutritional risk. In 2016 the BOP estimated it served nearly 170 million meals which is nearly 466,560 meals per day and nearly 3.3 million meals per week.

20.     The BOP utilizes a quarterly reverse bid process to purchase most of the food needed to conduct its mission. Generally, each BOP institution issues a request for quotation ("RFQ") for food supplies for a future calendar quarter by posting the RFQ online at a site such as FedBizOpps.gov (www.fbo.gov) or FedBid.com (www.fedbid.com). The RFQ includes all of the food items the institution anticipates needing for an upcoming quarter. The RFQ provides the specifications for each food item and requests vendors to provide bid prices for each item. Vendors, like Defendant FlavorPros, often supply their bids on the RFQ list of commodities/supplies in hand written form. After receiving the bids from various vendors, who have agreed in accordance with Federal Acquisition Regulation ("FAR") 52.212-4 to "only tender for acceptance those items that conform to the requirements of this contract" the BOP institution selects from among the bidding vendors and awards contracts to the winning vendor. Routinely, multiple vendors are awarded only a portion of the items listed in the RFQ and the winning vendor is the lowest bidder—the vendor who offered the lowest price for the items awarded.

21.     Following or simultaneous with the award to the vendor, the purchase order or contract is formalized by the BOP contract specialist who transfers the vendor's prices from the bid sheet copy of the list of commodities/supplies to the contract copy of the list of commodities/supplies and the BOP contract specialist and vendor representative sign the contract. Once the vendor's shipment of items have arrived at the BOP institution the BOP facilitates an electronic payment to the vendor based on the contract and vendor's invoice.

**IV.     Regulatory and Contractual Requirements**

22.     Since at least 2011, the BOP has included a specific and consistent specification for the sale of spices to the BOP unequivocally stating in its national menu, in each RFQ, and again in the commodity schedule of each awarded contract that spices must be "[p]ure—no additives, extenders, foreign matter, or flow agents." This specification requirement is restated on each line item number for each spice for which it applies in both the RFQ and awarded contract documents. BOP RFQs and contracts also incorporate by inclusion or incorporation in block 27(a) of Standard Form 1449 FAR contract clause 52.212-4 requiring the vendor to only offer for acceptance to the BOP items that conform with the specifications specifically the clause states, in pertinent part:

> 52.212-4 Contract Terms and Conditions—Commercial Items (February 2012)
>
> (a) Inspection/Acceptance.   The Contractor shall only tender for acceptance those items that conform to the requirements of this contract . . .
>
> 48 C.F.R § 52:212-4.

**DEFENDANTS' FRAUDULENT SCHEMES**

**I.     Defendants Economically Adulterated Spices Sold to Bureau of Prisons**

23.     Beginning as early as October 1, 2011, through on or about December 2017, Charlene Brach knowingly and routinely provided adulterated spices to BOP intuitions in violation of the FDCA and made false claims to the BOP for payment for the adulterated spices.

24.     Specifically, Charlene Brach, bidding as FlavorPros, LLC, and doing business as Richards and Danielson, LLC, underbid other vendors and was awarded BOP contracts in South Carolina and across the country to provide spices for inmates' consumption which were required to be "[p]ure—no additives, extenders, foreign matter, or flow agents." Nevertheless, the spices FlavorPros and Brach sold to the BOP were adulterated with fillers, foreign matter, and flow agents by Charlene Brach, personally, or by FlavorPros' employees at Charlene Brach's direction, for the purpose of increasing Defendants' profit.

25.     In the normal course, Charlene Brach added, or directed the adding of filler material to spices sold to the BOP, which were required to be "[p]ure—no additives, extenders, foreign matter, or flow agents."

26.     Charlene Brach does not rely on a formula for determining the amount of filler to use, but adds filler and flow agents based on her eyes and experience.

27.     Charlene Brach stated she added up to 25% filler material to spices sold to the BOP.

28.     Charlene Brach ordered the spices from other sources and was unaware of whether the spices had already been adulterated with filler before she further adulterated those spices.

29.     An illustrative transaction of how the adulteration scheme worked includes a FlavorPros sale of spices to the BOP at Federal Correctional Institution Edgefield ("FCI Edgefield") in Edgefield, South Carolina.

30. On February 8, 2017, the FCI Edgefield issued solicitation number RFQP03031700045, an RFQ for food supplies on the FedBizOpps.gov (www.fbo.gov) website. The RFQ requested that vendors provide bid prices on food items including various spices required to be "[p]ure—no additives, extenders, foreign matter, or flow agents."

31. On or about February 27, 2017, Charlene Brach submitted a FlavorPros bid sheet response, via e-mail, to the RFQ including proposed prices for the spices required to meet the "[p]ure—no additives, extenders, foreign matter, or flow agents" ("the specifications") requirements.

32. On March 21, 2017, FCI Edgefield awarded contract DJBP0303SA130154 to FlavorPros to provide the spices meeting the specifications based on the FlavorPros bid sheet.

33. On March 21, 2017, Charlene Brach signed the contract agreeing to provide the spices meeting the specifications at the prices awarded in the contract. The specifications were included in the line item descriptions for each spice, including the requirement the spice be "[p]ure—no additives, extenders, foreign matter, or flow agents," on the request for proposal, bid sheet, contract award, and executed contract.

34. On May 4, 2017, FlavorPros sent an invoice to FCI Edgefield billing $2,856 for spices including basil, black pepper, chili powder, ginger, oregano, garlic powder, thyme, and cinnamon, which were required to meet the specification.

35. On May 11, 2017, the spices were delivered from FlavorPros to FCI Edgefield.

36. On May 23, 2017, FCI Edgefield processed FlavorPros invoice and made an electronic payment to FlavorPros including the $2,856 for the spices required to meet the specification.

8

37. On May 12, 2017, the Department of Justice Office of Inspector General in conjunction with the FDA Office of Criminal Investigation, collected samples from FCI Edgefield of three of the FlavorPros spices required to meet the specifications—black pepper, garlic powder, and cinnamon—and forwarded the samples to the FDA Forensic Chemistry Center.

38. On December 5, 2017, the FDA Forensic Chemistry Center reported the FDA tests revealed that the cinnamon provided by FlavorPros contained on average 66% additives of carbohydrate-like material such as dextrin, maltodextrin, starch, or flour. The garlic powder was on average 64% additives of carbohydrate-like material such as starch and flour along with fatty acid ester oil material. The black pepper was on average 57% additives of carbohydrate-like material such as dextrin, maltodextrin, and starch.

39. Between July 15, 2014, and December 30, 2017, FlavorPros submitted a minimum of 202 fraudulent claims to over 80 BOP institutions for spices required to be unadulterated, when those spices were, as a matter of course, economically adulterated with an undisclosed amount of filler material. These institutions collectively paid at least $530,254.35 to Defendant FlavorPros as a result of those false claims.

**II.    Scheme to Circumvent Suspension through creation of Artisan Food, LLC**

40. Based on the discovery of FlavorPros' adulteration of spices delivered to the BOP, on February 21, 2018, the DOJ suspended Charlene Brach, Richard Brach, FlavorPros, Richards and Danielson, and America's Best (another company associated with the Brachs) from conducting new business with executive agencies of the federal government.

41. On March 29, 2018, based on representations by Charlene Brach that these companies would take certain corrective actions, the DOJ temporarily lifted the suspension. Conditions of the temporary lifting of the suspension included a promise to comply with all BOP

contract requirements; the retention of outside counsel to develop a written compliance policy for FlavorPros; requiring a certificate of analysis from all future suppliers of shipments of spices and a letter of guarantee from such suppliers confirming that products required by contract to be pure are in fact pure; and additional testing by FlavorPros of all incoming spice shipments to ensure compliance with contract requirements.

42. Once the BOP temporarily lifted FlavorPros' suspension, FlavorPros was awarded 15 different contracts with BOP institutions between March 29, 2018, and July 3, 2018. FlavorPros did not deliver under those 15 contracts and the contract funds were de-obligated by the BOP. FlavorPros has not been awarded any contracts since July 3, 2018.

43. On July 30, 2018, Artisan Foods, LLC was incorporated in New Jersey using the address of Richard Brach's personal residence in Bridgewater, New Jersey.

44. On August 20, 2018, Federal Medical Center Rochester, a BOP institution, awarded Artisan Foods, LLC contract 15B41219Q00000001, which included the delivery of cases of Italian and ranch salad dressings.

45. Upon information and belief, Charlene Brach and/or Richard Brach disguised the FlavorPros salad dressing as a product of Artisan Foods, LLC to circumvent FlavorPros' agreement with DOJ for heightened compliance requirements with providing food supplies to the BOP.

46. On October 29, 2018, Artisan Foods delivered creamy Italian dressing, along with other food items, to FMC Rochester. The creamy Italian dressing was labeled as an Artisan Foods product with a "best by" date of October 2019 and lot number 5981439. However, upon peeling back the label, the product was identified as a FlavorPros product with a "best by" date of July 2018 and lot number 1807031.

47. Artisan Foods not only disguised the source of the dressing, but Artisan Foods also doctored the "best by" date to conceal that the salad dressing was expired.

48. The bill of lading by private carrier Landstar and Artisan Food's invoice to FMC Rochester indicates Artisan Foods was merely a stand in for FlavorPros. The Landstar bill of lading listed the original shipper as Artisan Foods, but the address and telephone number matched the address and telephone number of FlavorPros. Additionally, Artisan Food's invoice to FMC Rochester for the food items matched the format of FlavorPros' invoices to the BOP, and included an address which was the home address of Richard Brach.

49. Artisan Foods invoiced FMC Rochester under invoice number 181004 on October 18, 2018, for $1,824.35.

## FIRST CAUSE OF ACTION
### (False Claims Act: Presentation of False Claims)
### 31 U.S.C. § 3729(a)(1)(A)

50. The United States repeats and re-alleges the allegations contained in all paragraphs above, as if fully set forth herein.

51. During the relevant time period, Defendants FlavorPros, LLC, Artisan, LLC, and Charlene R. Brach knowingly presented and/or caused to be presented materially false and fraudulent claims for payment to the BOP by intentionally misrepresenting or disguising the quality and quantity of spices and other food products sold to the BOP for consumption by inmates.

52. Defendants presented or caused to be presented such claims with actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false. These false claims were material to the BOP's payment for the food items.

53. The United States sustained damages because of this wrongful conduct.

## SECOND CAUSE OF ACTION
### (False Claims Act:  False Statements and Records Material to False Claims)
### 31 U.S.C. § 3729(a)(1)(B)

54. The United States repeats and re-alleges the allegations contained in all Paragraphs above, as if fully set forth herein.

55. During the relevant time period, Defendants FlavorPros, LLC, Artisan, LLC, and Charlene R. Brach knowingly made, used, and caused to be made or used false records or statements material to false or fraudulent claims submitted to the United States, and payment of those false or fraudulent claims by the United States was a reasonable and foreseeable consequence of the Defendants' statements and actions.

56. Defendant Charlene Brach or employees working at the direction of Charlene Brach signed RFQ bid sheets certifying FlavorPros would only tender items that conformed to the requirements of the contract.  The RFQ bid sheets included the requirement that the spices be "pure–no additives, extenders, foreign matter or flow agents."  The purity specification was re-stated in whole for each individual spice on each line item of the RFQ bid sheet schedule of supplies/services or commodities/services section directly adjacent to where Charlene Brach hand wrote FlavorPros' proposed price for each spice.  The RFQ bid sheets were used by the BOP to determine the lowest bidder and award the contract to FlavorPros.  Charlene Brach submitted the bid sheets in an effort to mislead the BOP into thinking FlavorPros would deliver unadulturated spices meeting the specifications of the RFQ so that the BOP would award FlavorPros the contract and make payments to FlavorPros.

57. Charlene Brach or employees working at the direction of Charlene Brach signed BOP quarterly subsistence contracts on Standard Form 1449 certifying FlavorPros would only " tender for acceptance those items that conform to the requirements of this contract" in accordance

with FAR 52-212-4 Contract Terms and Conditions for Commercial Items. The contracts included a schedule of supplies/services or schedule of commodities/services section that included the requirement that the spices be "pure–no additives, extenders, foreign matter or flow agents." The purity specification was re-stated in whole for each individual spice on each line item of the schedule of supplies/services or commodities/services section of the contracts. Charlene R. Brach submitted the bid sheets in an effort to mislead the BOP into thinking FlavorPros would deliver unadulterated spices meeting the specifications of the contracts so that the BOP would make payments to FlavorPros.

58.     Charlene R. Brach caused the submission of invoices from FlavorPros to the BOP describing the spices delivered and requesting payment. The FlavorPros invoices described the spices by name alone, such as "cinnamon" or "ground cinnamon" and failed to disclose that the spices had been diluted with undeclared filler ingredients in violation of the FDCA because the spices were adulterated and misbranded and did enter interstate commerce. The FlavorPros invoices also violated the sales contract under which the spices were purchased, and were in opposition to the representations made by Defendants on the RFQs and invoices. Charlene Brach knowingly submitted these false invoices to the BOP which were material to BOP making payments to FlavorPros.

59.     Charlene R. Brach and/or Richard Brach, operating as Artisan Foods, LLC, created false labels for expired food to make it appear that the food items were appropriate for consumption by federal inmates and payable by the BOP. The Artisan Foods invoice for the mislabeled and expired salad dressing violated the FDCA because it was misbranded and entered interstate commerce. The Artisan Foods invoices also violated the sales contract under which the salad dressing was purchased, and was in opposition to the representations made on the label of the food

that was ultimately supplied.  Artisan Foods, LLC knowingly submitted at least one false invoice to the BOP which was material to BOP making payment to Artisan Foods, LLC.

## THIRD CAUSE OF ACTION
### Payment by Mistake

60. The United States re-alleges and incorporates by reference all Paragraphs of this complaint set out above as if fully set forth herein.

61. This is a claim for the recovery of monies paid by the United States during the relevant time period to Defendants as a result of mistaken understandings of fact.

62. The United States paid Defendants FlavorPros, LLC, and Charlene R. Brach, for spices and other food items that it believed to be "pure–no additives, extenders, foreign matter or flow agents." Instead, the spices had been diluted with undeclared filler ingredients in violation of the FDCA, the sales contract under which the spices were purchased, and in opposition to the representations made by those Defendants on the RFQs and invoices. The United States made these payments without knowledge of material facts and under the mistaken belief that those Defendants were entitled to receive payment for such claims when they were not.  The United States' mistaken beliefs were material to its decision to pay the Defendants for such claims. Accordingly, Defendants are liable to make restitution to the United States of the amounts of the payments made in error to them by the United States.

## FOURTH CAUSE OF ACTION
### For Unjust Enrichment

63. The United States incorporates by reference all Paragraphs of this complaint set out above as if fully set forth herein.

64. This is a claim for the recovery of monies by which Defendants FlavorPros, LLC, Artisan, LLC, and Charlene R. Brach, have been unjustly enriched during the relevant time period at the expense of the United States.

65. By directly or indirectly obtaining government funds to which they were not entitled, Defendants each were unjustly enriched, and are liable to account for and pay as restitution such amounts, or the proceeds therefrom, which are to be determined at trial, to the United States.

## PRAYER FOR RELIEF

66. Plaintiff United States of America prays for judgment against the Defendant as follows:

   a. As to the False Claims Act, 31 U.S.C. § 3729(a) causes of action, against Defendants for treble the amount the United States' single damages to be proven at trial, plus civil penalties as are required by law in the amount of $11,181 and not more than $22,363 per violation of the False Claims Act, post-judgment interest, costs, and such other relief as may be necessary and proper;

   b. As to the Third Cause of Action, payment by mistake, against Defendants, for the amount of damages sustained by the United States as a result of its payment by mistake, to be proven at trial, plus pre-judgment and post-judgment interest, and costs;

   c. As to the Fourth Cause of Action, unjust enrichment, against Defendants, for the sums by which Defendants has been unjustly enriched, to be proven at trial, plus pre-judgment and post-judgment interest, and costs;

   d. Such other relief as the Court deems just, necessary and proper.


|  |  |
|---|---|
| November 1, 2019 | Respectfully submitted, |
|  | SHERRI A. LYDON<br>United States Attorney |
|  | By:  s/Beth C. Warren<br>Beth C. Warren (#11360)<br>Assistant United States Attorney<br>1441 Main Street, Suite 500<br>Columbia, SC 29201<br>Phone.:   (803) 929-3037<br>E-Mail:  beth.c.warren@usdoj.gov |
|  | *Attorney for the United States of America* |